UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ERIC LEVI RICKUS,

    Petitioner,

v.                                                         3:10-cr-091
                                                          3:12-cv-225

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Eric Levi Rickus ("petitioner"). The Clerk is **DIRECTED** to serve a copy of the motion and this Memorandum and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

Petitioner pleaded guilty to bank robbery by force, violence, and intimidation. He was sentenced as a career offender to a term of imprisonment of 151 months; the court recommended that the sentence should "run consecutive to any undischarged state sentence imposed as a result of the revocation of the defendant's parole." [Criminal Action No. 3:10-cr-91, Court File No. 31, Judgment of Conviction. p. 2]. The sentence was affirmed on direct appeal. *United States v. Eric Rickus*, No. 11-5485 (6th Cir. April 4, 2012) (unpublished

order) [*Id.*, Court File No. 37, Order]. Petitioner now asks the court to order his federal prison time to run concurrent with his state time.

A federal court generally may not modify a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). This would be especially true where the sentence has been affirmed on direct appeal. Accordingly, the court lacks jurisdiction to consider petitioner's request to modify his sentence.

It plainly appears from the face of the motion, the annexed exhibits and the prior proceedings in the case that the petitioner is not entitled to relief in this court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986); *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** and this action **DISMISSED**.

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. The petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

  **AN APPROPRIATE ORDER WILL ENTER.**

                  s/ Thomas W. Phillips
                United States District Judge